**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YANIN ESTEFANIA GEMENIANO GARCIA, AKA Janine Geminiano Unknown, AKA Lil Girl Unknown, AKA Downer Unknown, | No. 20-71627 |
| | Agency No. A096-229-276 |
| Petitioner, | |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,***
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Yanin Estefania Gemeniano Garcia petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from an immigration judge's denial of her application for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the agency's decision to deny CAT relief. Gemeniano Garcia does not claim to have previously been tortured in Mexico, yet fears that the 18th Street Gang or its affiliates will torture her if they learn that she defected from the gang and cooperated with a government investigation (including by testifying against the gang in open court). But Gemeniano Garcia testified that she did not know whether any gang members in Mexico were aware of these events. She also testified that no one from the gang has since threatened to harm her. And while she fears that her "gang member tattoos" might allow others to identify her, or that corrupt members of the Mexican government will notify members of the gang of her arrival in Mexico, such that she would come to the attention of the gang and then face harm, "[t]he evidence does not establish that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture." *Medina-Rodriguez v. Barr*, 979 F.3d 738, 750–51 (9th Cir. 2020) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 917–18 (A.G. 2006)). Nor does the country-conditions

evidence of general violence in Mexico establish "a greater risk to [Gemeniano Garcia] than any other Mexican national deported from the United States." *Flores-Vega v. Barr*, 932 F.3d 878, 887 (9th Cir. 2019).

The motion for stay of removal (Dkt. No. 1) is denied as moot.

**PETITION DENIED.**